## MATTER OF MOREIRA

### In Visa Petition Proceedings

### A-22211458

*Decided by Board May 6, 1980*

(1) In order to establish a steprelationship under the Immigration and Nationality Act, there must be a showing that the stepparent has, prior to the stepchild's eighteenth birthday, evinced an active parental concern for the stepchild's support, instruction, and general welfare. *Matter of Moreira,* Interim Decision 2720 (BIA 1979).

(2) Where the marriage creating a technical steprelationship takes place shortly before a stepchild's eighteenth birthday, inquiry may properly be made into what occurred between the stepparent and stepchild before the marriage, or after the child reached the age of 18, in order to determine if the standards set forth in *Matter of Moreira, id.,* have been met.

(3) Although a simple marriage ceremony will not be itself create genuine familial bonds between steprelatives, where such bonds can be shown, *Matter of Moreira, id.,* should be broadly construed in order to give effect to the goal of encouraging and preserving bonafide family relationships.

(4) Where petitioner, wife of the beneficiary's natural father, knew of the beneficiary's existence from the time she first met her husband, a year before they were married, where she and her husband have sent money to the beneficiary from their shared income, and where the petitioner has always been willing to accept the beneficiary, take responsibility for him, and consider him as her own child, the petitioner's parental interest in the beneficiary was sufficiently active and timely to warrant granting the visa petition, despite the fact that the marriage creating the steprelationship occurred only 4 months before the beneficiary's eighteenth birthday.

(5) It is not a denial of equal protection to have different rules of law in different judicial districts. *Castillo-Felix v. INS,* 601 F.2d 459 (9 Cir. 1979).

(6) In the Board of Immigration Appeals' prior decision in *Matter of Moreira, supra,* the decision in *Andrade v. Esperdy,* 270 F.Supp. 516 (S.D.N.Y. 1967), was not rejected, but rather was interpreted to mean that some evidence of genuine familial bonds was required in order to establish a steprelationship for immigration purposes, even though a "close family unit" need not be shown.

(7) The standards in *Matter of Moreira, supra,* apply nationwide, including in the Southern District in New York.

ON BEHALF OF PETITIONER:
James J. Orlow, Esquire
Public Ledger Building, Suite 936
Sixth & Chestnut Streets
Philadelphia, Pennsylvania 19106

ON BEHALF OF SERVICE:
Jim Tom Haynes
Appellate Trial
Attorney

By: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This is the second time this case has been before us. In a prior decision, dated July 16, 1979, we remanded the record to the District Director to give the petitioner an opportunity to show that the beneficiary qualified as her "stepchild" under the Immigration and Nationality Act, as that term was defined in our prior decision, which was designated as a precedent. *Matter of Moreira,* Interim Decision 2720 (BIA 1979). The District Director, in a decision dated October 30, 1979, determined that the beneficiary did not qualify as the petitioner's stepchild as we had interpreted that term. In accordance with our previous order, the District Director then certified his decision back to this Board for review. Oral argument was heard before this Board on February 21, 1980. The decision of the District Director is reversed.

The petitioner in this case is a 52-year-old native of Argentina and citizen of the United States. The beneficiary is a 25-year-old native and citizen of Argentina who was born out of wedlock to the petitioner's husband and a woman he never married. The petitioner married the beneficiary's father in 1972, when the beneficiary was 17 years old. Thus, a purely technical steprelationship came into existence prior to the beneficiary's eighteenth birthday. However, in our prior precedent decision in this case, we held that more than a merely technical relationship was required in order to establish a steprelationship under the Act. After a careful review of the legislative history of the stepchild provision, as well as of the case law, both from this Board and from the courts, we held that a steprelationship exists for immigration purposes where the stepparent has, prior to the child's eighteenth birthday, evinced an active concern for the stepchild's support, instruction, and general welfare. While such an interest can be demonstrated by taking the child into the home and caring for him as a parent, it can also be shown, we held, by a stepparent's continuing and genuine interest in the well-being of a stepchild who may, due to distance, immigration restrictions, or national boundaries, be unable to actually live with the stepparent. *Matter of Moreira, id.*

The petitioner in the present case has submitted an affidavit which indicates that she knew of and accepted the existence of the beneficiary from the time she first met her husband, approximately one year before they were married. She states that because the beneficiary had always been a great concern of her husband's, he became a concern of her's also, and that she and her husband sent money to the beneficiary from their shared income. The petitioner states that she knew that when she married her husband, the beneficiary and the beneficiary's sister would become her children "as fully and completely as if they

were mine by blood...." She acknowledges twice in the affidavit that she has an "obligation" to the beneficiary.

The special problem presented by this case lies in the fact that the petitioner's marriage to the beneficiary's father occurred only 4 months before the beneficiary reached his eighteenth birthday. The Immigration and Naturalization Service argues, and counsel for the petitioner has all but conceded, that the requirements of our precedent decision could not have been, and were not, met in those 4 months. We believe that the interpretation given to our decision by both counsel and by the Service is too narrow. What we sought in our prior decision was to encourage and preserve relationships where genuine familial bonds existed, but also to recognize the fact that a simple marriage ceremony will not in every case serve to create such genuine bonds between persons who have come steprelatives. Our decision in *Moreira, id.*, should be broadly construed where, as here, a bona fide family relationship has been shown.

The fact that the marriage creating a relationship occurs shortly before a stepchild's eighteenth birthday should not be fatal to a finding that the *Moreira* standards have been satisfied. Each case must be decided on its own facts. If, as in the present case, there is very little time between the marriage and the birthday, it is not improper to inquire into what occurred between the stepchild and stepparent before the marriage, or to inquire into what occurred after the child reached the age of 18. In both *Nation* v. *Esperdy*, 239 F.Supp. 531 (S.D.N.Y. 1965) and *Andrade* v. *Esperdy*, 270 F.Supp 516 (S.D.N.Y. 1967), for example, the Court emphasized that the stepmothers evinced an active parental interest in their future stepchildren even before they married the children's fathers. In the present case, the record indicates that the petitioner showed concern for the beneficiary prior to her marriage to the beneficiary's father, and it is quite clear that this interest continued, even grew, up until the beneficiary reached his eighteenth birthday, and beyond. As we do not consider our inquiry into the relationship to be strictly limited to the time between the marriage and the time of the child's eighteenth birthday, we are able to find that the requirements set forth for a steprelationship have been satisfied in this case. We are convinced that the timely parental interest the petitioner showed in the beneficiary was "active" in the particular circumstances of this case.

We do not by our decision today write out Moreira's requirement that the bona fide steprelationship be established prior to the stepchild's eighteenth birthday. It would not be sufficient, for example, if the marriage creating the relationship occurred prior to the child's eighteenth birthday, but the stepparent either did not know of, or accept a genuine and continuing parental interest in, the child in any

way before the child turned 18, even if afterwards great concern for the child was shown. We emphasize that each case must be decided on its own facts, and the key question must always be whether a bona fide parent-child relationship exists.

In his brief on appeal, and at oral argument, counsel strongly objected to the criteria set forth in *Matter of Moreira, supra,* and argued that the proper standard should be that set forth in *Andrade, supra.* He argues that to apply *Andrade* only in the Southern District of New York is a denial of equal protection to persons who live outside that judicial district. In the first place, it is not a denial of equal protection to have differing rules in different judicial districts. *See Castillo-Felix v. INS,* 601 F.2d 459 (9 Cir. 1979). More important, in our decision in *Moreira, supra,* we did not reject *Andrade, supra,* but rather we interpreted that decision to mean that while a "close family unit" need not be shown in order to establish a steprelationship for immigration purposes, some evidence of genuine family bonds did need to be shown. We expect our decision in *Moreira* to be applied nationwide, including in the Southern District of New York.

As we find that the petitioner in this case has sufficiently exhibited the requisite parental concern for the support, instruction and welfare of the beneficiary, we will reverse the District Director's decision, and grant the visa petition.

ORDER: The decision of the District Director is reversed, and the visa petition is approved.